**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV8-2-C
(3:05CR5-1-C)**

| | |
|---|---|
| **RICHARD E. NELLOM-RUFFIN,**      )<br>       **Petitioner,**                          )<br>                                                    )<br>              **v.**                                )           **O R D E R**<br>                                                    )<br>**UNITED STATES OF AMERICA,**     )<br>       **Respondent.**                        )<br>**_____**) | |

**THIS MATTER** is before this Court upon petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed January 8, 2004. For the reasons stated herein, the petitioner's Motion to Vacate will be summarily <u>denied</u> and <u>dismissed</u>.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on January 25, 2005, the petitioner was named (under the alias "Francisco Morrone") in a single-Count Bill of Indictment which charged him with unlawfully possessing a firearm after having previously been convicted of certain felony offenses, all in violation of 18 U.S.C. §922(g)(1).

Thereafter, on March 25, 2005, the petitioner's defense attorney filed a Motion to Suppress the subject firearm on the ground that the petitioner had been unlawfully seized and the gun obtained in violation of the petitioner's Fourth Amendment

rights.  Defense counsel argued that notwithstanding the absence of a legal basis to support his action, the officer who seized the gun from the petitioner made a sufficient show of force so as to make the petitioner reasonably believe that he was not free to walk away.  Because the officer did not have any valid basis to seize the petitioner, his subsequent discovery of the firearm during a pat-down search also was unconstitutional and rendered that firearm inadmissible.

In response, the government argued that the petitioner's initial interaction with the officer was a no more than a consensual police-citizen encounter for which no objective justification was required.  In the alternative, the government argued that the officer in fact had observed numerous facts which gave rise to a reasonable articulable suspicion; that such suspicion justified the officer's stop of the petitioner; and that the gun properly was found during a lawful pat-down search of the petitioner.

On July 6, 2005, before the suppression motion was heard, the petitioner entered into a written Plea Agreement with the government. The Agreement stipulated that the petitioner's unadjusted Offense Level was 14, pursuant to U.S. Sentencing Guidelines §2D2.1(a)(6).  However, the Agreement stated the petitioner's sentence had not been determined; that any estimate from any source, including defense counsel, of the likely

sentence was a prediction rather than a promise; and that the Court had the final discretion to impose any sentence up to the statutory maximum term of ten years imprisonment.

On July 14, 2005, the parties appeared before a magistrate judge for a Plea & Rule 11 Hearing. After being placed under oath, the petitioner stated that he had discussed his case with his attorney, understood the nature of the charge and penalties which he was facing, that no one had threatened or intimidated him, or had otherwise made him any promises of leniency to induce his plea, and that he was tendering his guilty plea because he was guilty.

Furthermore, the petitioner told the Court that he was satisfied with defense counsel's services, specifically telling the Court that counsel was "a good lawyer." The petitioner also indicated that he did not wish to ask any questions or to make any other statements. Thereafter, defense counsel advised the Court that he, indeed, had reviewed each of the terms of the Plea Agreement with the petitioner, and was satisfied that the petitioner understood them. Based upon all of the sworn declarations the Court accepted the petitioner's guilty plea.

On December 20, 2005, the parties appeared before the Honorable Robert J. Conrad, Jr., United States District Judge, for a Factual Basis & Sentencing Hearing. During the course of that proceeding the Court found that the petitioner's Base Offense

Level was 20, rather than 14 as the parties had stipulated. Such finding was predicated upon the Court's determination that one of the two prior convictions which was identified in the petitioner's Indictment-- for "Discharging Weapon Into Occupied Property"-- categorically fit the definition of a "crime of violence" as defined under U.S. Sentencing Guidelines §§2K2.1(a)(4) and 4B1.2(a)(2). Defense counsel objected to that finding, and secured a continuance so that he could present arguments in opposition to the Court's determination.

On January 20, 2006, the petitioner filed a Sentencing Memorandum, urging the Court to apply the offense level to which the parties had stipulated. Defense Counsel contended that the Court's determination that one of the petitioner's prior convictions was for a crime of violence was predicated upon facts not properly considered by the Court citing <u>United States v. Washington</u>, 404 F.3d 834 (4th Cir. 2005)(vacating sentence with "crime of violence" enhancement under U.S.S.G. §§2K2.1 and 4B1.2(a)(2) because such enhancement was based on disputed facts which were extraneous to record of matters which Court properly could consider).

On January 26, 2006, a sentencing hearing was conducted. At that time, the Court observed that the Indictment for the conviction in question actually stated that the petitioner had fired a firearm into an occupied vehicle. The Court found that

4

such conduct fit squarely into the definition of a "crime of violence." Consequently, the Court found that his Base Offense Level was 20.

The Court gave the petitioner a three-level reduction for acceptance of responsibility. As a result, the Court concluded that the petitioner's Total Offense Level was 17; that his Criminal History Category was VI; and that the Guidelines suggested a range of 51 to 63 months imprisonment for the petitioner. The court imposed a sentence of 57 months imprisonment. The Court's Judgment was filed on February 3, 2006.

The petitioner did not directly appeal either his conviction or sentence. On the contrary, on January 8, 2007, the petitioner filed the instant Motion to Vacate alleging that his conviction was obtained by virtue of an unintelligent, involuntary guilty plea based upon illegally seized evidence. He further alleges deficient representation "for not filing suppression motion" and for reportedly "coercing" the petitioner into pleading guilty despite the alleged Fourth Amendment violation.

The Court has conducted an initial review of the petitioner's Motion to Vacate and determined that the same must be summarily rejected for its failure to state a claim for relief. Accordingly, the petitioner's Motion to Vacate will be <u>dismissed</u>.

5

## II. ANALYSIS

### 1. The petitioner's first two claims are subject to summary dismissal.

As noted, the petitioner did not appeal either his conviction or sentence. His claims of an unlawfully obtained guilty plea and a Fourth Amendment violation are not cognizable by this Court. In United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), cert. denied, 120 S.Ct. 1283 (2000), the Court noted "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Id., citing United States v. Frady, 456 U.S. 152 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); and Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

The petitioner's claim of an unintelligent, involuntary guilty plea is wholly contradicted by the numerous statements and admissions which he made, under oath, during the course of his Plea & Rule 11 Hearing and during both of his sentencing hearings. The law is well settled that once the trial court conducts a Rule 11 colloquy, such as the one outlined herein, and

6

finds the plea to have been knowingly and voluntarily entered and the terms to have been understood and accepted by the parties, absent compelling reasons to the contrary, the validity of the plea, its terms and the defendant's corresponding guilt are deemed to be conclusively established. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir. 1981). Accord Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (defendant's plea and statements at Rule 11 proceedings "constitute a formidable barrier" to their subsequent attack); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991)(statements made during Rule 11 proceedings con-stitute strong evidence of the voluntariness of a defendant's plea).

Moreover, as to the petitioner's claim of a Fourth Amendment violation, the law is also well settled that a defendant who pleads guilty may not subsequently challenge nonjurisdictional errors, including the depravation of a constitutional right which allegedly occurred prior to the entry of the guilty plea. Tollett v. Henderson, 411 U.S. 258 (1973). Indeed, "a guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Accordingly, inasmuch as the record reflects that the petitioner has procedurally defaulted his first two claims, that he has failed to establish cause for that failure or actual

7

prejudice as result of the alleged constitutional violations and, in any event, such claims are legally baseless, those claims are rejected.

### 2. **The petitioner's claim of ineffective assistance of counsel lacks merit**.

In his final claim, the petitioner alleges that counsel was ineffective for having failed to file a motion to suppress, and for having coerced him into pleading guilty. As was previously noted, however, during his Plea & Rule 11 Hearing, the petitioner verified under oath that he was satisfied with counsel's services, and that counsel was "a good lawyer." Petitioner's belated, self-serving complaints to the contrary are not credible.

Equally significant, with respect to claims of ineffective assistance of counsel, the petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied,

8

435 U.S. 1011 (1978).

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Moreover, a petitioner who alleges ineffective assistance following entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice

9

> prong of the [Strickland] test is slightly
> modified. Such a defendant must show that
> there is a reasonable probability that, but
> for counsel's errors, <u>he would not have
> pleaded guilty and would have insisted on
> going to trial</u>."

<u>Hooper</u>, 845 F.2d at 475 (emphasis added); <u>accord</u> <u>Hill v. Lockhart</u>, 474 U.S. at 59; <u>and</u> <u>Fields</u>, 956 F.2d at 1297. In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." <u>Fields</u>, 956 F.2d at 1299, <u>citing</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74-75 (1977). Indeed, such statements "constitute a formidable barrier" to their subsequent attack. <u>Blackledge</u>, 431 U.S. at 73-74. In view of the foregoing, the Court finds that the petitioner has fallen far short of stating a claim for relief.

Likewise, having found that petitioner's pleas was voluntary, he is hard pressed to argue counsel coerced it.

The petitioner's claim that counsel was ineffective for having failed to file a Motion to Suppress is unfounded. Indeed, defense counsel actually <u>did</u> file a Motion to Sup-press. However, the record establishes that the petitioner consented to the withdrawal of that Motion at the time that he agreed to enter into a formal Plea Agreement with the government. <u>See</u> Transcript of Sentencing Hearing of December 20, 2005 at p. 8.

Finally, petitioner has not suggested or otherwise even

10

hinted that but for counsel's alleged errors, he would have pled not guilty and insisted upon proceeding to trial on this charge. Therefore, the petitioner cannot prevail on his claims of ineffective assistance.

### III. CONCLUSION

Two of the petitioner's three claims are procedurally defaulted, and the remaining claim fails to establish ineffective assistance of counsel. Therefore, the instant Motion to Vacate must be summarily <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DISMISSED**.

**SO ORDERED.**

Signed: April 20, 2007

Robert J. Conrad, Jr.
Chief United States District Judge